UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

UNITED STATES OF AMERICA,                    Case No. 1:25-cr-00346-KAM

        Plaintiff,

    v.

                                  DEFENDANT'S REPLY IN
LUIS LEANDRO ORTIZ RIBERA,              SUPPORT OF MOTION FOR
                                  BILL OF PARTICULARS

        Defendant.

-------------------------------------------------------- X


Defendant Luis Leandro Ortiz Ribera ("Mr. Ortiz") respectfully submits the following

reply in support of his Motion for Bill of Particulars. ECF No. 59, 59-1.

**I.      Preliminary statement.**

Mr. Oritz's "one-month involvement," ECF No. 61-1 at 15, in this alleged conspiracy does

not void his absolute right to understand "with sufficient particularity the nature of the charge[s]

pending against him, thereby enabling [him] to prepare for trial [and] to prevent surprise." *United

States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam). In fact, Mr. Ortiz's limited

role in this multiyear scheme involving "a non-exhaustive list of [at least] 13 individuals," ECF

No. 62 at 15, weighs heavily in favor of compelling the Government to file a bill of particulars

setting forth certain basic details of his alleged agreement to join and participate in the purported

fraud. The Government's opposition relies heavily upon the assumption that Mr. Ortiz's motion is

"an improper demand for early production of Jencks Act and/or Giglio" cloaked as a motion for

bill of particulars. ECF No. 62 at 11. To the contrary, Mr. Ortiz is aware that a bill of particulars

may not be used as "a general investigative tool, a discovery device or a means to compel the

government to disclose evidence or witnesses to be offered prior to trial." *United States v. Gibson*,

175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001). He seeks no such information with this Motion, hence the pending joint motion to compel discovery. *See* ECF No. 59. Rather, by "supplement[ing] the allegations in the indictment," the information sought by Mr. Ortiz is necessary to ensure he is not unfairly surprised at trial. *United States v. Sturtz*, 648 F. Supp. 817, 819-20 (S.D.N.Y. 1986).

The Government's choice to file a so-called "speaking indictment"—much of which is irrelevant to Mr. Ortiz and his alleged role—does not necessarily mean that it describes the "*detailed nature* of the allegations" against him or obviate the Government's obligation to do so. ECF No. 62 at 14. The Government's contention that bills of particulars have been denied in "analogous circumstances" is misplaced. ECF No. 62 at 11. There are few, if any, *analogous circumstances*, as the Government suggests. Therefore, much of the authority relied upon by the Government is inapposite. While this case involves allegations of fraud, its factual underpinnings are unique, involve communications largely in a foreign language (Spanish), and, as such, warrant a close look at exactly what information may be necessary to preparing a defense. *See United States v. Pirrello, et al.*, Case No. 1:23-CR-499-KAM, at 4 (E. D. N. Y. Jan. 6, 2026) ("The standard for determining whether a bill of particulars is appropriate is based on necessity."). What the Government wholly fails to recognize or appreciate is that "[t]he line between mere evidentiary detail and information needed to prepare a defense and prevent unfair surprise can be thin indeed." *See United States v. Rajaratnam*, No. 09 CR. 1184, 2010 WL 2788168, at *1 (S.D.N.Y. July 13, 2010).

**II.    Producing voluminous discovery by itself does not satisfy the Government's obligations under Fed. R. Crim. P. 7.**

Mr. Ortiz does not dispute that the Government has made five discovery productions accompanied by production letters. ECF No. 62 at 11-12. The mere act of producing voluminous discovery does not render a bill of particulars unnecessary, particularly when, as here, the discovery is too voluminous to illuminate the alleged wrongful conduct. *See Bortnovsky*, 820 F.2d at 575. This issue is not volume; it is absence. And the Government's claim that the "mountains of documents" it produced can be easily navigated because much of it is text searchable is meritless. ECF No. 62 at 14. As an initial matter, the cover letters accompanying the "2[+] terabytes of data" produced by the Government neither identify the specific information requested by Mr. Ortiz nor provide much guidance to even point Mr. Ortiz in the right direction. ECF No. 62 at 2. And, critical to this Motion, the Government does *not* state in its opposition that the particular information Mr. Ortiz requests is, in fact, contained in any of its five productions. This is not a needle-in-a-haystack problem. Here, the Government removed the needle.

It is at best inaccurate, if not misleading, for the Government to suggest with a straight face the discovery is easily reviewable. The Cellebrite extractions of numerous cellular devices—while technically searchable—have been immensely burdensome to access. Some files take more than ten minutes to open, and each file requires its own separate search. The relevant produced discovery is overwhelmingly in Spanish, uses slang and abbreviations, and, most importantly, comes in the form of audio files, which are certainly not searchable. *See* ECF No. 61-1 at 8. The translation process has also proved burdensome and time consuming.

III.    **The Indictment fails to particularize basic allegations involving when Mr. Ortiz agreed to enter the conspiracy.**

The Indictment does not specify the month that Ortiz joined the conspiracy, as the Government claims in its opposition. ECF No. 62 at 11 ("The indictment alleges that defendant Oritz participated in the charged conspiracy over the course of one month—June 2025 . . ."). To the contrary, the Indictment alleged that Mr. Ortiz joined the criminal scheme "[i]n or around June 2025." ECF No. 1, ¶ 30. Indeed, the Government could argue that the phrase "in or around" encompasses the several months preceding June 2025. Such a variance may deprive Mr. Ortiz's right to be sufficiently informed of the charges so that he is able to present a defense without surprise at trial. *See United States v. Rowe*, No. 02 CR. 756(LMM), 2006 WL 2572099, at *2 (S.D.N.Y. Sept. 6, 2006) (citing *United States v. Berger,* 295 U.S. 78, 82 (1935); Fed. R. Crim. P. 52(a)). Mr. Ortiz struggles to understand how the Government's disclosure of the date he allegedly joined the conspiracy will "flesh out the government's prosecutorial theories in advance of trial." ECF No. 62 at 11. In fact, disclosure of this day would allow the prosecution team, as well as the defense, to focus on the critical communications without needlessly wasting time sifting through information that predates his joining the conspiracy.

IV.    **Mr. Ortiz cannot defend against charges alleged in the Indictment without having a sufficiently particular understanding of the nature of the conspiracy.**

In response to Mr. Ortiz's request for the persons with "whom [he] communicated or agreed to join the conspiracy," the Government offers that, on December 30, 2025, it "voluntarily disclosed to the defendants a *current* list of the 'Bettors' in the indictment." ECF No. 62 at n. 13 (emphasis added). Framing the list as "current," while also expressly stating that the investigation is ongoing, suggests that Mr. Ortiz is preparing his defense against a moving target. The Government has executed multiple search warrants, seized and extracted numerous cellphones,

4

and gathered "2[+] terabytes of data." ECF No. 61 at 2. At this stage, ordering particularization of the allegations against Mr. Ortiz is within the scope of a bill of particulars. It is essential that Mr. Ortiz, at a minimum, understand "the nature of the charge[s]" with sufficient particularity. *See Bortnovsky*, 820 F.2d at 574. That includes a *complete* list of individuals with whom he communicated about joining the alleged conspiracy. Such information is not just helpful but "necessary for the defense." *United States v. Murgio,* 209 F.Supp.3d 698, 721 (S.D.N.Y. 2016).

V.      **The Indictment does not allege a single materially false or fraudulent statement or representation made by Mr. Ortiz in furtherance of an alleged wire fraud.**

In its opposition, the Government failed to meaningfully address Mr. Ortiz's request for "any agreed-upon 'materially false or fraudulent' statements or representations in furtherance of a wire fraud." ECF No. 59-1 at 15 (citing ECF No. 1 at ¶ 42). Instead, the Government broadly suggests that "the Court should reject the defendants' demands for particulars of *each* fraudulent misrepresentation" and improperly characterizes this basic request as a specific request for the "who, what, when and where" of each fraudulent misrepresentation. ECF No. 61 at 14 (emphasis added). Nothing in the Indictment or five discovery productions suggests that Mr. Ortiz (or Mr. Clase for that matter) made a false statement. Thus, the Government should be required to provide the defense a written specification of each materially false statement that it contends was made by Mr. Ortiz for purposes of executing or in furtherance of the allegedly fraudulent scheme.

VI.     **The *Nachamie* factors weigh in favor of Mr. Ortiz's request for a bill of particulars.**

Granting Mr. Ortiz's request for the names of co-conspirators will allow him "to prepare for trial, to [avoid] surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Nachamie,* 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (quoting *Bortnovsky,* 820 F.2d at 574). Mr. Oritz's limited role in this alleged multiyear conspiracy—albeit just a "one-month involvement"—weighs in favor of this request for numerous

reasons. *First*, there are at least 13 co-conspirators and the alleged conspiracy operated for more than two years. This is analogous to the facts in *Nachamie*. *Second* Mr. Ortiz, as a limited participant, "was not [alleged to be] present at most of the incriminating events, *see United States v. Strawberry*, 892 F.Supp. 519, 527 (S.D.N.Y. 1995), and was not alleged to have met the coconspirators, *see United States v. Trie,* 21 F.Supp.2d 7, 22 (D.D.C. 1998). Identifying all co-conspirators therefore will prevent unfair surprise. *See Nachamie*, 91 F. Supp. 2d at 573. As to the *third* and *fourth* factors, the Government has not provided adequate notice of the particulars and its voluminous discovery production, which largely obfuscate the criminal conduct alleged against Mr. Ortiz, is not an acceptable alternative to particularized allegations. *See Bortnovsky*, 820 F.2d at 574; *see also United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011).

Finally, the Government wholly fails to articulate a basis for its claim, and Mr. Ortiz rejects, that disclosing the requested information "could reveal the identity of potential witnesses" which "will harm the government's investigation and potentially intimidate witnesses." ECF No. 62 at 16. As the *Nachamie* Court explained, "[i]f there are a large number of co-conspirators and a long-running conspiracy, a defendant is more likely to be surprised by the identity of other co-conspirators, whom he may never have met." 91 F. Supp. 2d at 572. "If the Government has failed to provide adequate notice of the particulars, or if the discovery has been voluminous, identification of known unindicted co-conspirators will help a defendant focus his investigation and prepare for trial." *Id*., at 572-73.

## VII.    Conclusion

Mr. Ortiz does not seek information at a "level of granularity" that is impermissible or unnecessary via a motion for bill of particulars. ECF No. 61 at 14. Rather, Mr. Ortiz seeks particularized information which is necessary to prepare a defense for his livelihood and freedom.

As it stands, Mr. Ortiz will be unfairly surprised at trial, but he asks this Court to exercise its discretion to level the playing field. Mr. Ortiz respectfully requests an order directing the Government to file a bill of particulars particularizing allegations contained in the Indictment at ¶¶ 30, 31, 35, 36, 37, and 42.

Respectfully submitted,

Luis Leandro Ortiz Riberta, Defendant

Date:  January 14, 2026

*/s/ Christos N. Georgalis*
Christos N. Georgalis (OH 0079433 *pro hac vice*)
Paul M. Flannery (OH 0091480 *pro hac vice*)
Flannery | Georgalis, LLC
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
(216) 466-0169 (Chris)
(216) 466-0162 (Paul)
chris@flannerygeorgalis.com
paul@flannerygeorgalis.com

Elizabeth Geddes
Corva Law LLP
110 West 40th Street, Suite 1003
New York, New York 10018
liz@corvalaw.com

*Counsel for Defendant Luis Leandro Ortiz Ribera*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2026, the foregoing document was filed in this matter using the Court's electronic filing system. Notice of this filing will be sent to all represented parties via the Court's electronic filing system.

Luis Leandro Ortiz Riberta, Defendant

Date:   January 14, 2026          */s/ Christos N. Georgalis*
Christos N. Georgalis (OH 0079433 *pro hac vice*)
Paul M. Flannery (OH 0091480 *pro hac vice*)

*Counsel for Defendant Luis Leandro Ortiz Ribera*