UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:25-cr-00346-KAM |
| Plaintiff, | |
| v. | |
| LUIS LEANDRO ORTIZ RIBERA, | DEFENDANT LUIS ORTIZ'S MOTION TO STRIKE GOVERNMENT'S SUR-REPLY |
| Defendant. | |

-------------------------------------------------------- X

## I. INTRODUCTION

This Court should strike the Government's unauthorized and misleading sur-reply to Defendant Luis Ortiz's motion to sever. The Government filed its sur-reply without seeking leave of the Court, without any basis in law or the rules of this Court, without addressing any new arguments raised on reply, and without properly explaining Second Circuit law. It is a continuation of the problematic conduct Mr. Ortiz raised in his reply in support of his motion to sever. The Government flouted the rules of this Court and attempted to mislead the Court into reversible error.

## II. LAW AND ARGUMENT

The decision of whether to allow a sur-reply "is a matter left to the court's discretion, as is the decision to strike a party's filing." *Wingate v. Greene*, No. 14-CV-4063(EK)(JRC), 2022 WL 2702844, at *1 n.1 (E.D.N.Y. July 12, 2022) (quoting *Endo Pharms. Inc. v. Amneal Pharms., LLC*, No. 12-cv-8060, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016)). The Government's sur-reply ignored this Court's rules and procedures and again misstated the applicable law. This Court should strike the Government's sur-reply.

1

### A. The Court should strike the Government's sur-reply because it was filed without proper leave of court.

The Government's sur-reply has no basis in law or procedure. It is well-established that "supplementary filings require leave of the court." *Sevilla v. Perez*, No. 15-CV-3528(KAM)(LB), 2016 WL 5372792, at *2 n.5 (E.D.N.Y. Sept. 26, 2016). Moreover, this Court's local rules, individual practices, and motions schedule do not contemplate sur-replies. Tellingly, the Government cited no authority in its sur-reply justifying the unusual maneuver. Nor could it. This Court has made clear that when a party files an unauthorized sur-reply, "the [C]ourt need not consider it." *United States v. Nekritin*, No. 10-CR-491 (S-2) (KAM), 2011 WL 2462744, at *1 n.7 (E.D.N.Y. June 17, 2011); *see also Bisesto v. Uher*, No. 19 Civ. 1678 (KMK), 2019 WL 2537452, at *2 (S.D.N.Y. June 20, 2019) (collecting cases of courts declining to consider unauthorized sur-replies). Striking the Government's sur-reply is appropriate because the Government failed to seek leave of the Court, which should not be granted in any event.

### B. The Government's sur-reply continues to misrepresent both Second Circuit law and the Government's prior representations to the Court.

Even if the Government had obtained leave of the Court to file a sur-reply (to be clear, it did not even seek leave, much less obtain it), the contents of the sur-reply remain problematic. The Government raises two issues in its sur-reply, neither of which are new arguments justifying a sur-reply. *See Ramon v. Corp. City of New York*, No. 17-CV-2307(KAM), 2019 WL 1306061, at *2 (E.D.N.Y. Mar. 21, 2019) (citation omitted) ("A sur-reply is appropriate only where the party against whom the sur-reply will be filed raises new arguments in its reply."). Additionally, the Government does not accurately address the two issues it raises. The Court should strike the Government's sur-reply because, in addition to being improper, it contains misstatements of law and fact.

***First***, the Government improperly characterizes *United States v. Arena*, 180 F.3d 380, 400 (2d Cir. 1999). The Government had the opportunity to address *Arena* in its response, but instead only included it as part of a citing parenthetical referencing the fact that Rule 613(b) covers inconsistent statements. *See* ECF No. 86 at 12. The Government missed its opportunity to explain how *Arena* relates to the present case. It now improperly and inaccurately attempts to use a sur-reply to correct this omission.

In discussing *Arena*, the Government continues to misrepresent the law and steer this Court toward reversible error. *Arena* did not abrogate or overrule *Strother*. To the contrary, *Arena* cited to *Strother* for its holding. Additionally, courts continue to cite to and rely upon *Strother*, implicitly recognizing that *Strother* is still binding law. *See United States v. Sosa-Zarzuela*, No. 21 CR. 41 (PAC), 2022 WL 16859736 (S.D.N.Y. Nov. 10, 2022) (quoting *Strother*, 49 F.3d at 876, and allowing extrinsic evidence of a prior inconsistent statement even when the witness would admit to the statement); *United States v. Nickolson*, 362 F. App'x 864, 865 (9th Cir. 2010) (mem.) (citing *Strother*, 49 F.3d at 876, and finding extrinsic evidence of an inconsistent statement admissible under Rule 613(b) even when a witness concedes he made the prior inconsistent statement); *see also United States v. Williams*, 756 F. App'x 73 (2d Cir. 2019) (summary order) (describing the Government's concession at trial that, under *Strother*, extrinsic evidence of an inconsistent statement is admissible even when the witness admits to the prior inconsistent statement). Nor could the three-judge panel in *Arena* have overruled *Strother*. *See United States v. Peguero*, 34 F.4th 143, 158 (2d Cir. 2022) ("It is a longstanding rule that a panel of our Court is 'bound by the decisions of prior panels until such times as they are overruled either by an en banc panel of our Court or by the Supreme Court.'") (quoting *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004)). Thus, to the extent *Arena* conflicts with *Strother*, *Strother* should control.

Moreover, the difference between *Arena* (and *United States v. Pimental*, No. 99-CR-1104 (SJ), 2002 WL 1208679, at *6 (E.D.N.Y. May 30, 2002), another case cited by the Government) and *Strother*, and the Government's failure to address it, illustrates the Government's misunderstanding of the law and Mr. Ortiz's intended strategy. *Arena* involved a defendant seeking to introduce cumulative evidence of the mere fact that the witness made a prior inconsistent statement. *Arena*, 180 F.3d at 400 ("Thus, the proffered [extrinsic witness] testimony would have been consistent with and duplicative of that portion of [the Government's witness's] testimony."). *Strother*, on the other hand, involved a defendant seeking to introduce *additional* evidence illustrating the context of the prior inconsistent statement to better persuade the jury of the witness's lack of credibility. *Strother*, 49 F.3d at 876 ("Extrinsic evidence of a prior inconsistent statement is more persuasive to a jury than a witness's acknowledgement of inconsistencies in a prior statement."). *Arena* addressed the simple issue of using extrinsic evidence to show the witness made a prior inconsistent statement; *Strother* addressed the more complex issue of using extrinsic evidence of a prior inconsistent statement to attack the witness's credibility. The Government fails to grapple with this distinction, treating Mr. Ortiz's intention to call Mr. Clase's attorneys as covered by *Arena*, when it in fact falls under *Strother*.[1]

What the defendant sought in *Strothers* is what will happen at Mr. Ortiz's trial—he will seek to use Mr. Clase's attorneys not just to repeat Bettor-1's admission of a prior inconsistent statement, but to illustrate for the jury how the context in which Bettor-1 signed his declaration impacts his credibility. *See* ECF No. 76-1 at 5–6 (outlining context of signed declarations and Mr. Ortiz's intention to use Mr. Clase's attorneys as witnesses to describe that context). It is critically

---

[1] Even if this was all Mr. Ortiz attempted, it should still be allowed under *Strother*, notwithstanding any apparent conflict with *Arena*.

important that Mr. Ortiz is allowed to fully impeach the *only* witness who will attempt to tie him to the alleged conspiracy. The Government's sur-reply continues the Government's inaccurate framing of the applicable law to try to shield Bettor-1 from impeachment. The Court should therefore strike the sur-reply.

***Second***, the Government continues to mischaracterize its representations to this Court regarding the possibility of a conflict arising at trial. In its *Curcio* letter to this Court, the Government stated, "[O]ne or more Witnesses will likely testify in a manner that is inconsistent with" their declarations signed in the presence of Mr. Clase's attorneys. ECF No. 66 at 6. In its sur-reply, the Government stated, "[T]here is no current basis to believe" "Bettor-1's trial testimony [will be] inconsistent with his prior statements." ECF No. 95 at 1. These statements are plainly opposed. No amount of self-serving word-twisting by the Government can escape this. The Government continues to misrepresent facts to this Court.

### III. CONCLUSION

This Court should strike the Government's sur-reply because it lacks proper basis in law or procedure and because it continues to make misstatements of law and fact.

Respectfully submitted,

Luis Leandro Ortiz Riberta, Defendant

Date: February 25, 2026

*/s/ Christos N. Georgalis*
Christos N. Georgalis (OH 0079433 *pro hac vice*)
Paul M. Flannery (OH 0091480 *pro hac vice*)
Flannery | Georgalis, LLC
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
(216) 466-0169 (Chris)
(216) 466-0162 (Paul)
chris@flannerygeorgalis.com
paul@flannerygeorgalis.com

Elizabeth Geddes
Corva Law LLP
110 West 40th Street, Suite 1003
New York, New York 10018
liz@corvalaw.com

*Counsel for Defendant Luis Leandro Ortiz Ribera*