SPODEK LAW GROUP P.C.
Treating you like family since 1976

**Todd A. Spodek, Esq.**
Direct Dial: (347) 292-8633
ts@spodeklawgroup.com

October 21, 2026

**BY ECF**:

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *United States v. Emmanuel Clase de la Cruz, et al.*
Case No.: 1:25-cr-00346 (S-1) (KAM)
Eastern District of New York
Position on Mr. Ortiz's Motion to Adjourn Trial (ECF No. 297)

Dear Judge Matsumoto:

This office represents Robinson Vasquez Germosen in the above-captioned matter. As directed by the Court's October 20, 2026 Order, we write to set out Mr. Vasquez's position on co-defendant Luis Leandro Ortiz Ribera's motion to adjourn the November 2, 2026 trial (ECF No. 297).

Mr. Vasquez does not oppose an adjournment and takes no position on the specific grounds Mr. Ortiz raises. His position is simple: this case should be tried once, with all defendants together. If the Court adjourns the trial, Mr. Vasquez asks that it do so as to all defendants, rather than proceed against some defendants on November 2 and try the others later.

**This case should be tried once, with all defendants together.**

The defendants are charged in the same superseding indictment with the same conspiracies, all arising from the same alleged scheme. The Government's case against each of them will rely on largely the same witnesses, including Bettor-1, and the same documents and electronic evidence. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials save time and resources for the Court, jurors, and witnesses, and avoid the risk of inconsistent verdicts. *See Richardson v. Marsh*, 481 U.S. 200, 209–10 (1987).

Separate trials would do the opposite. The Court would try the same alleged scheme at least twice: once on November 2, and again later for any defendant whose trial is adjourned.

The recent arrival of co-defendant Luis Arismendy Paca Mendez makes this point stronger. Mr. Paca made his initial appearance in this District on October 20, 2026 (ECF No. 299). A single adjournment for all defendants would let the Court set one trial date for every charged defendant, rather than splitting the case into separate trials.

**<u>Mr. Vasquez consents to the exclusion of time.</u>**

Mr. Vasquez consents to the exclusion of time under the Speedy Trial Act through the new trial date. The ends of justice served by trying all defendants together in a single trial outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Act also excludes a reasonable period of delay where, as here, a defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted. *Id.* § 3161(h)(6).

For these reasons, if the Court adjourns the November 2, 2026 trial, Mr. Vasquez respectfully asks that it do so as to all defendants, set a new trial date convenient to the Court, and exclude time through that date.

Thank you for Your Honor's consideration.

Sincerely,

**Spodek Law Group P.C.**
/s/ Todd A. Spodek
Todd A. Spodek

cc: All Counsel of Record (By ECF).