**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH/FTB:EWS/SMS/RMU/JS
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 22, 2026

By ECF & E-mail

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Emmanuel Clase de la Cruz, et al.
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter to clarify the record and to withdraw its pending motion in limine that seeks permission to offer Rule 404(b) evidence concerning the Major League Baseball ("MLB") rule prohibiting the use of cellular telephones during games. Gov't MIL, ECF No. 213, at 39-40, 44-45.

As explained in the government's motion, the government sought to introduce evidence of that MLB rule to contextualize phone activity between the defendant Emmanuel Clase de la Cruz and Bettor-1 on May 17, 2025, a date when Clase threw a rigged pitch in a game between the Cleveland Guardians and the Cincinnati Reds. In support of the motion, the government alleged that Clase communicated with Bettor-1 "in the middle of the game asking if Bettor-1 was 'ready[,]'" to which Bettor-1 responded "'but of course.'" Gov't MIL at 44. That allegation was based on information the government confirmed with its law enforcement partners.

When the messages described above were recently converted to U.S.-Eastern Time in connection with preparing trial exhibits, the government observed that Clase's exchange with Bettor-1 occurred shortly after, rather than during, the May 17, 2025 game. As a result of that observation, the government made additional inquiries with its law enforcement partners to clarify the time of the relevant messages described in the government's filings. The government now believes that because Clase's cellular devices were extracted in U.S.-Central Time (unlike all other devices in the case), the government's prior understanding of the timing of these particular messages was incorrect. Moreover, for the same reason, the government now understands that the communications described in Paragraphs 37 and 40 of the Superseding Indictment, including the May 17, 2025 messages, were sent after, rather than during, MLB games. While the government anticipates offering other evidence at trial that Clase communicated during MLB games, it does

not intend to argue or suggest that the May 17, 2025 messages occurred during a game. The government therefore clarifies the record and withdraws its motion in limine.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Eric Silverberg
Sean M. Sherman
Rebecca M. Urquiola
James R. Simmons
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF and Hand Delivery)
Counsel of Record (by ECF and E-Mail)