United States District Court
Eastern District of New York

-----------------------------------X

United States of America,

- against -

Luis Leandro Ortiz Ribera,

Defendant.

-----------------------------------X

**Memorandum & Order**

No. 25-cr-346 (KAM)

**Kiyo A. Matsumoto, United States District Judge:**

On October 9, 2026, the Court issued a Sealed Memorandum & Order ("Memorandum & Order" or "Order") that granted, in part, the Government's motion in limine to admit certain text messages between Mr. Ortiz and his wife, pursuant to the joint crime exception to the marital communications privilege. (*See* ECF No. 279.) Upon Mr. Ortiz's request, the Court stayed the operation of the Order such that "no party may publicly file, disclose, or describe the substance of the communications, or use them in open court" for fourteen days, until October 23, 2026, so that Mr. Ortiz may seek review in the Second Circuit. (*See id.* at 25.) On October 16, 2026, Mr. Ortiz filed a petition for a writ of mandamus (the "Petition") challenging the Memorandum & Order.

On October 20, 2026, Mr. Ortiz moved (1) to extend the stay entered in the Court's Order until the Second Circuit rules on the Petition; (2) to keep the Memorandum & Order under seal until the

Second Circuit rules on the Petition; and (3) to adjourn the November 2, 2026 trial as to Mr. Ortiz and exclude the time under 18 U.S.C. § 3161(h), in the event the Second Circuit does not issue its decision prior to October 26, 2026. (ECF No. 297 ("Ortiz Mot.").)

The Court ordered the Government and Mr. Ortiz's co-defendants, Emmanuel Clase de la Cruz ("Mr. Clase") and Robinson Vasquez ("Mr. Vasquez"), to provide their positions, and the parties filed their oppositions and responses on October 21, 2026. (*See* ECF No. 305 ("Gov. Opp."); ECF No. 306 ("Clase Ltr."); ECF No. 307 ("Vasquez Ltr.")). The Government opposed Mr. Ortiz's motion to extend the Court's stay of Order and to seal the Memorandum & Order until the Second Circuit rules on his petition for a writ of mandamus, and also opposed adjournment of the trial. (*See* Gov. Opp. at 1.) Mr. Clase also opposed adjournment of the trial, and moved to sever his trial from that of Mr. Ortiz in the event the Court grants adjournment. (*See* Clase Ltr. at 1.) Mr. Vasquez did not oppose adjournment but opposes severance. (*See* Vasquez Ltr. at 1.)

**<u>Mr. Ortiz's Motions</u>**

## I. Motion to Adjourn the Trial

Because the date of trial bears on the other relief sought by Mr. Ortiz, the Court first considers Mr. Ortiz's motion to adjourn the trial. "The decision whether to grant an adjournment or a

continuance [of trial] is a matter 'traditionally within the discretion of the trial judge.'" *United States v. Allen*, 472 F. App'x 35, 37 (2d Cir. 2012) (summary order) (quoting *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011)). Such decisions are reviewed for "abuse of discretion," and the Second Circuit "will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense." *Id.* (internal quotations omitted). Trial is scheduled to commence November 2, 2026. The parties have been on notice of the date of trial since March 2026. Like the Government, Mr. Clase, who is Mr. Ortiz's co-defendant, opposes any continuance, on the basis that any delay will compromise his ability to return to his baseball career and cause injury to his rights under the Speedy Trial Act. (*See* Clase Ltr. at 1.)

The Court, in its discretion, finds that any further delay would substantially injure Mr. Clase's "interest in 'decent and fair procedures' and the public's interest in a speedy adjudicative system." *United States v. Moreno*, 789 F.3d 72, 78 (2d Cir. 2015) (quoting *Barker v. Wingo*, 407 U.S. 514, 519 (1972)). The Court also finds that a denial of adjournment is not an "arbitrary action." Mr. Ortiz is clearly within his rights to seek petition for a writ of mandamus based on his disagreement with the Court's pretrial Memorandum & Order, but the operation of the district court and the imminent trial proceedings in this case cannot halt

simply because Mr. Ortiz disagrees with the Court's privilege ruling. Accordingly, the Court respectfully **DENIES** Mr. Ortiz's motion for an adjournment of the trial.

## II. Motion to Stay the Operation of the Order

### A. Legal Standard

In deciding whether to stay a pretrial order pending appellate review, courts consider four factors: (i) whether the stay applicant has shown a likelihood of success on the merits; (ii) whether he will be irreparably injured absent a stay; (iii) whether issuance of the stay will substantially injure the other parties; and (iv) whether a stay is in the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). "The first two factors are the most critical, but a stay is not a matter of right, even if irreparable injury might otherwise result; rather, a stay is an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion." *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (per curiam). Given that trial will begin on November 2, 2026, these four factors weigh in favor of a short extension of the stay that is currently operative in this case until October 30, 2026, the Friday prior to trial.

**B. Discussion**

**1. Likelihood of Success on the Merits**

On the first factor -- whether the stay applicant has shown a likelihood of success on the merits -- the Court finds that Mr. Ortiz has not demonstrated that he is likely to succeed in his Petition. "Critically, to satisfy the likelihood-of-success requirement" where the stay applicant has petitioned for a writ of mandamus, the stay applicant "must not only demonstrate that this Court erred in its decisions, but also that the Second Circuit is likely to grant mandamus." *New York v. U.S. Dep't of Com.*, 339 F. Supp. 3d 144, 148 (S.D.N.Y. 2018).

First, the Court did not err in its Memorandum & Order. The Court had found that the marital privilege protecting Mr. Ortiz's and his wife's text communications to be intact [redacted].[1] That approach accorded with the Second Circuit's decision in *United States v. Estes*, 793 F.2d 465, 467-68 (2d Cir. 1986), [redacted]

[1] Disclosure of Mr. Ortiz's privilege, if any, by the Court to Mr. Ortiz's co-defendants and to the Government shall not constitute a waiver of the privilege.

[redacted] To the contrary, the Court was well within its authority to use the content of the earlier privileged spousal communications to find, by a preponderance of the evidence, [redacted] In any event, [redacted]

(*See* Order at 23-24.)

Mr. Ortiz must also demonstrate that the Second Circuit is likely to grant mandamus. The Court is ill-equipped to opine on what the Second Circuit may do, however, it notes that the Supreme Court has "repeatedly . . . observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485

U.S. 271, 289 (1988); *see id.* ("[W]e have held that only 'exceptional circumstances amounting to a judicial 'usurpation of power' will justify issuance of the writ." (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)). The Second Circuit itself stated that it "rarely use[s] the extraordinary writ of mandamus to overturn a discovery order involving a claim of privilege." *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 163 (2d Cir. 1992) ("Turner"). The same restraint is likely when reviewing a pretrial petition for mandamus to overturn an evidentiary ruling on a motion in limine. Nonetheless, the Second Circuit has previously found that "the writ is appropriate to review discovery orders that potentially invade a privilege where:" (i) "the petition raises an important issue of first impression"; (ii) "the privilege will be lost if review must await final judgment"; and (iii) "immediate resolution will avoid the development of discovery practices or doctrine that undermine the privilege." *In re Cnty of Erie*, 473 F.3d 413, 416-17 (2d Cir. 2007). Here, the Second Circuit has been requested to intervene to provide further guidance on the joint crime exception to the marital communications privilege, particularly where such evidence is presented not through testimony but rather as text message exhibits. Irrespective of whether the Second Circuit is likely or not to grant the writ of mandamus, however, the Court finds that Mr. Ortiz is unlikely to succeed in showing that the Court erred

in issuing its Memorandum & Order, so this factor favors the denial of a stay.

### 2. Irreparable Harm

On the second factor, the Court finds that Mr. Ortiz may suffer some "irreparable harm" if (i) the obstructive communications at issue are revealed to the public, and (ii) the Second Circuit grants Mr. Ortiz's petition and reverses this Court's findings before trial. In the context of attorney-client privilege, the Second Circuit has observed that "a litigant claiming the privilege would probably prefer almost anyone other than adversary counsel to review the documents in question," and such disclosure is one that the attorney-client privilege "was designed to prevent." *Turner*, 964 F.2d at 164. The same cannot be said for the disclosure of communications protected by the marital privilege, even if the Second Circuit ultimately disagrees with this Court regarding the application of the joint crime exception. The Court, however, recognizes that the Second Circuit has once permitted an interlocutory review of discovery orders based in part on the conclusion that disclosure of privileged information would result in irreparable harm, so this factor slightly weighs in favor of a short stay. *See In re Long Island Lighting Co.*, 129 F.3d 268, 271 (2d Cir. 1997) ("If [company] turns over the disputed documents, it will lose the privilege and will be unable to recoup the benefit of it on appeal."). *But see*

*Turner*, 964 F.2d at 164 (acknowledging, in the context of granting a writ of mandamus "that the argument that the cat is being let out of the bag could logically be made in any case where a court rejects a claim of work product or attorney-client privilege" (internal quotations omitted)).

The Court finds, however, that any "irreparable harm" that may result from disclosure of the obstructive communications while the Second Circuit decides to review the issue is limited in nature because Mr. Ortiz retains his ability to challenge the Order on direct appeal. *Abney v. United States*, 431 U.S. 651, 657 (1977); *see e.g.*, *United States v. Pugh*, 945 F.3d 9, 19 (2d Cir. 2019) (challenging on direct appeal admission at trial of letter purportedly protected by marital communications privilege); *United States v. Mejia*, 655 F.3d 126, 129 (2d Cir. 2011) (same but with attorney-client privilege); *United States v. Jacobs*, 117 F.3d 82, 85 (2d Cir. 1997) (same but with attorney-client privilege). Indeed, the Second Circuit's seminal case on the joint crime exception to the marital communications privilege, *United States v. Estes*, was a review of a final judgment. *See Estes*, 793 F.2d at 467-68. Accordingly, though Mr. Ortiz may suffer *some* "harm" from the disclosure of his communications with his wife at trial, if the disclosure is subsequently held to have been in error, any "irreparable harm" is limited in scope. This factor thus weighs only slightly in favor of a stay.

### 3. Substantial Injury To Other Parties

Third, the Court finds that the issuance of the stay that extends past the beginning of trial will substantially injure the other parties, particularly Mr. Clase and the Government. Mr. Clase has opposed Mr. Ortiz's motion to adjourn trial, as a continuance would cause irreparable harm to Mr. Clase, who is under contract for the next baseball season and has asserted that "further delay threatens his ability to resume his career." (Clase Ltr. at 1.) Mr. Clase also has not waived his speedy trial rights. (*Id.*) Mr. Vasquez expresses no view except that the trial should proceed as a joint trial with all defendants. (Vasquez Ltr. at 1.)

Mr. Ortiz argues that the stay would "maintain the status quo" and so would not harm any other parties. (Ortiz Mot. at 3.) The Court agrees and finds that extending the stay for a short period from October 23, 2026 to October 30, 2026 will not harm the parties. A stay that extends past the current November 2 trial date will substantially harm the Government, the public, and Mr. Clase because the truth-seeking function of the trial would be compromised.

### 4. The Public Interest

Because the Government is the opposing party, the fourth factor -- whether public interest favors a stay -- and the third factor -- whether the issuance of the stay will substantially

injure other parties -- merge. *Nken*, 556 U.S. at 435. The Court thus concludes, pursuant to the reasons stated in its analysis of the third factor, that the public interest is served by an extension of a stay of the Order from October 23 to October 30. Once trial is imminent, the interests of the public outweigh Mr. Ortiz's interest in a stay of the Order.

### C. Conclusion

The four *Nken* factors thus weigh in favor of a stay until October 30, 2026, which is the Friday before trial is set to begin. The Court accordingly **GRANTS** in part Mr. Ortiz's motion to stay the operation of the Order such that no party may publicly file, disclose, or describe the substance of the communications, or use them in open court, until the Second Circuit issues a decision on the Petition, or until October 30, 2026, whichever is earlier. The motion is otherwise **DENIED.**

## III. Motion to Continue Sealing of the Memorandum & Order

To effectuate the terms of the stay, the Court also **GRANTS IN PART** the motion to continue sealing of the Memorandum & Order until the Second Circuit rules on the Petition, or until October 30, 2026, whichever is earlier. *See United States v. Silver*, 2016 WL 1572993, at *9 (S.D.N.Y. Apr. 14, 2016) (sealing order until Second Circuit ruling is made); *United States v. Martoma*, 2014 WL 164181, at *8 (Jan. 9, 2014) (same). The motion is otherwise **DENIED.**

## Conclusion

In light of the foregoing, the Court **DENIES** Mr. Ortiz's motion to adjourn the trial. The Court **GRANTS** in part Mr. Ortiz's motion for a stay such that no party may publicly file, disclose, or describe the substance of the communications, or use them in open court, until the Second Circuit issues a decision on the Petition, or until October 30, 2026, whichever is earlier. The motion for a stay is otherwise **DENIED**. The Court also **GRANTS** in part the motion to continue sealing the Court's October 9, 2026 Memorandum & Order until the Second Circuit rules on the Petition, or until October 30, 2026, whichever is earlier. The motion for sealing is otherwise **DENIED**.

**So ordered.**

Dated: October 23, 2026
Brooklyn, New York

**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York