**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

FTB:EWS/SMS/RMU/JS
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 28, 2026

By ECF & E-mail

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Emmanuel Clase de la Cruz, et al.
Criminal Docket No. 25-346 (S-1) (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter motion in limine to request that the Court admit into evidence the government's proposed translations of Spanish-language materials at the upcoming trial after an expert linguist is called to certify the materials.

Beginning nearly ten months ago, the government has made rolling productions of translations of messages and other content from cellular telephones and an electronic account. In multiple letters accompanying its productions of translations, the government conveyed to the defense that it hoped that the parties would be able to reach agreement as to the accuracy of exhibit translations and enter into stipulations so as to avoid the need to call an expert linguist. The government likewise asked that the defendants "notify the government of any specific translation or translations with which the defendants disagree, to permit the parties to work through the disagreement and reach a mutually acceptable translation." ECF No. 200 at 2 n.1. To date, the defendants have not furnished alternatives to any of the government's proposed translations. Nevertheless, during a meet-and-confer earlier today, the defendants informed the government that they were not prepared to enter into a proposed stipulation governing, among other electronic-evidence issues, the use of translations for foreign-language messages. The government therefore writes to alert the Court and defendants that it intends to call an expert linguist at trial to certify Spanish translations and will move to admit those translations as evidence.[1]

[1] By letter dated August 24, 2026, in accordance with the Court's deadline for noticing expert witnesses, the government provided notice pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure that it expected one or more expert linguists to testify regarding translations in the event the parties did not reach a stipulation. Id. at 2. The government

Transcripts of recordings are normally considered jury aids. But "[w]here the recorded conversation is conducted in a foreign language, an English language transcript may be submitted to permit the jury to understand and evaluate the evidence." United States v. Ben-Shimon, 249 F.3d 98, 101 (2d Cir. 2001). The reason for this distinction is that, absent translations, materials "in a language other than English will almost invariably be useless to the jury; the jury will need translations." In re Audibility of Certain Recorded Conversations, 691 F. Supp. 588, 592 (D. Conn. 1988) (Cabranes, D.J.). "In such circumstances, it may make more sense to treat translations . . . as 'evidence.'" Id.; see also United States v. Chalarca, 95 F.3d 239, 246 (2d Cir. 1996) ("[T]he decision to receive in evidence English translations of foreign-language [materials] lies in the discretion of the district court."); United States v. Chan, No. 97-CR-1053 (PKL), 2002 WL 109527, at *1 (S.D.N.Y. Jan. 28, 2002) ("[T]he district court may formally admit the transcripts of foreign language tapes into evidence in order to aid the jury, since it is likely that without the transcripts, members of the jury who do not understand the foreign language spoken would find the tapes themselves without meaning.").

Here, the government anticipates admitting translations of Spanish-language text messages, videos, and voice memos exchanged and among co-conspirators. The government respectfully requests that the Court admit these translations as evidence, rather than merely as jury aids.

The government will continue to confer with defense counsel regarding the translations but, to the extent the defendants do not stipulate to the authenticity of the translations, the Court should require the defendants to "raise any specific complaints about the translations or proffer alternative translations before the start of trial." United States v. Yurofsky, 55 F. App'x 13, 14 (2d Cir. 2002). The defendants may then admit their alternative translations through their own translators in their defense case. See Chalarca, 95 F.3d at 246 ("[W]hen litigants disagree as to the precise words on a tape, or as to the accuracy of transcripts, the district court may permit each party to submit an alternative transcript to the jury."). The cross-examination of any translators should then be limited to "to cross-examin[ing] the translator as to her credentials, abilities and any biases, as well as to the disputed [and material] portions of the transcript," with no cross-examination permitted as to portions of a transcript as to which no dispute has been raised or to disputes that do "not go to the substance of the government's case or the defense." Yurofsky, 55 F. App'x at 15-16. This approach, which has been specifically approved by the Second Circuit, will avoid confusing the issues and wasting the jury's and the Court's time. It is also more "consistent with the general rule in this circuit that where the defense and prosecution disagree as to the contents of [materials], the proper procedure is for the jury to receive transcripts of both sides' versions." Id.; see also Ben-Shimon, 249 F.3d at 101 (challenged government translation properly admitted over objection where "the district court advised [the defendant] expressly and

---

will provide the identity and qualifications of the government's proposed expert witness in accordance with Rule 16(a)(1)(G). The defendants have neither noticed expert translators nor produced to the government any proposed translations.

repeatedly that he was free to prepare a competing transcript assisted by a court-appointed translator").

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Eric Silverberg
Sean M. Sherman
Rebecca M. Urquiola
James R. Simmons
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF and Hand Delivery)
Counsel of Record (by ECF and E-Mail)